## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **OTIS MALLETT JR.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:21-cv-2644** |
| | § | |
| **GERALD GOINES, and** | § | |
| **TROY GAMBLE,** | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Respectfully submitted,

*/s/Scott H. Palmer*
SCOTT H. PALMER,
of counsel
Texas Bar No. 00797196
Federal ID No. 1751291

*/s/ James P. Roberts*
JAMES P. ROBERTS,
attorney-in-charge
Texas Bar No. 24105721
Federal ID No. 3244213

SCOTT H. PALMER, P.C.
15455 Dallas Parkway,
Suite 540, LB 32
Dallas, Texas 75001
Tel: (214) 987-4100
Fax: (214) 922-9900
scott@scottpalmerlaw.com
james@scottpalmerlaw.com

ATTORNEYS FOR PLAINTIFF

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, OTIS MALLETT JR., Plaintiff, complaining of GERALD GOINES, and TROY GAMBLE, and for causes of action will respectfully show unto the Court as follows:

> "[I]f any concept is fundamental to our American system of justice, it is that those charged with upholding the law are prohibited from deliberately fabricating evidence and framing individuals."

*Cole v. Carson*, 802 F.3d 752, 772 (5th Cir. 2015), *cert. granted, judgment vacated sub nom. Hunter v. Cole*, 137 S. Ct. 497, 196 L. Ed. 2d 397 (2016), and *opinion reinstated in part*, 905 F.3d 334 (5th Cir. 2018).

## <u>SUMMARY</u>

This case arises from the lack of supervision by Houston Sergeant Troy Gamble in the City of Houston Police Department's Narcotics Division, which allowed the fabrication of evidence by former Houston Police Narcotics Officer Defendant Gerald Goines resulting in the false arrest and conviction of Plaintiff Otis Mallet, Jr in April of 2008. In his offense report, Defendant Goines falsely reported that he engaged in an undercover drug transaction with Plaintiff, despite said drug transaction never occurring. In addition, Defendant Goines' false narrative actively concealed the existence of a confidential informant, and the fact he used $200 to pay the informant in connection with Plaintiff's arrest. This led to the malicious prosecution of Plaintiff as Defendant Goines caused Plaintiff to be improperly subjected to arrest and state criminal prosecution for which there was no legitimate probable cause.

On January 18, 2011, due to Defendant Goines fabricating evidence, Plaintiff was convicted of possession with intent to deliver a controlled substance and delivery of a controlled substance. Plaintiff was sentenced to eight years imprisonment in the Texas

Department of Corrections. On August 14, 2020, the charges against Plaintiff were dismissed after the Court of Criminal Appeals granted actual innocence relief, finding that "no credible evidence existed that inculpated [Plaintiff Mallett], and [Plaintiff Mallett] [was] actually innocent of the crime for which [he] was sentenced." Plaintiff now sues Defendants Goines and Gamble for violations of his rights under the Fourth and Fourteenth Amendment to the United States Constitution.

The constitutional injuries complained of herein were proximately caused by Sergeant Gamble's failure to supervise Defendant Goines. Foremost, Defendant Gamble was present at the time of Plaintiff Mallet's arrest and signed off on conflicting expense reports filed by Defendant Goines as well as Defendant Goines' confidential informant expense report. Prior to Plaintiff's arrest, Defendant Goines had a shocking <u>nine</u> prior complaints sustained for improper misconduct and improper police procedure, with two of these complaints having been filed by Former Houston Chief of Police Lee Brown.

## I.
## PARTIES

1.      Plaintiff Otis Mallett Jr.  is a resident of Harris County, Texas.

2.      Defendant Gerald Goines was employed by the City of Houston as a Houston Police Department officer who, at all times relevant to this action, was acting under color of law and within the scope of his employment as a Houston Police officer. Defendant Goines is being sued in his individual capacity.

3.      Defendant Troy Gamble was employed by the City of Houston as a Houston Police Department officer, who at all times relevant to this action, was acting under color of law and within the scope of his employment as a Houston Police officer. Defendant Gamble is being sued in his individual capacity.

## II.
## JURISDICTION AND VENUE

4.     The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983.

5.     Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 because the Defendants are domiciled and/or reside in the Southern District of Texas, and all or a substantial part of the cause of action accrued in the Southern District of Texas.

## III.
## FACTS AND ALLEGATIONS

### Defendant Goines' Prior History of Complaints

6.     Prior to the incident that makes the basis of this lawsuit, Defendant Gerald Goines had nine previous complaints sustained against him for improper conduct and police procedure.

7.     On May 1, 1987, a conduct and behavior complaint was filed against Defendant Goines and after investigation that complaint was sustained.

8.     On August 14, 1987, a misconduct complaint was filed against Defendant Goines and after investigation that complaint was sustained.

9.     On July 27, 1989, two conduct and behavior complaints were filed against Defendant Goines by then Houston Police Chief Brown and after investigation those complaints were sustained.

10.    On August 10, 1999, a court attendance complaint was filed against Defendant Goines and after investigation that complaint was sustained.

11.    On August 20, 2001, an improper police procedure complaint was filed against Defendant Goines and after investigation that complaint was sustained.

12.     On August 20, 2001, two misconduct complaints were filed against Defendant Goines and after investigation those complaints were sustained.

13.     On July 11, 2005, a conduct and behavior complaint was filed against Defendant Goines and after investigation that complaint was sustained.

## HOUSTON POLICE DEPARTMENTs

### EMPLOYEE COMPLAINT HISTORY - PUBLIC

Criteria Fields : Target Emp. ID = 

Report Date & Time:     10/2/2020 10:15:35 AM

**Employee Name:** Goines, Gerald M                          **Employee Number:**

**Date of Birth:**                    **Race:** B           **Sex:** M          **Division:** PHASE DOWN C

**Job Description:** Senior Police Officer                    **Command:** EMPLOYEE SERVICES

| ISSUE ID | ALLEGATION | REPORT DATE | COMPLAINANT'S NAME | INT/EXT | DIVISION INVOLVED | DISPOSITION |
|---|---|---|---|---|---|---|
| 0616-1987 | Conduct And Behavior | 05/01/1987 | ESCOCHEA,J. | | SOUTHEAST | Sustained |
| 1509-1987 | Misconduct | 08/14/1987 | UNKNOW | | SOUTHEAST | Sustained |
| 0953-1989 | Conduct And Behavior | 07/27/1989 | CHIEF BROWN | | SOUTHEAST | Sustained |
| 0953-1989 | Conduct And Behavior 2 | 07/27/1989 | CHIEF BROWN | | SOUTHEAST | Sustained |
| 1842-1999 | Court Attendance | 08/10/1999 | Administrative Procedure | I | NARCOTICS | Sustained |
| 9503-2001 | Improper Police Procedure | 08/20/2001 | Administrative Procedure | I | NARCOTICS | Sustained |
| 9503-2001 | Misconduct | 08/20/2001 | Administrative Procedure | I | NARCOTICS | Sustained |
| 9503-2001 | Misconduct 2 | 08/20/2001 | Administrative Procedure | I | NARCOTICS | Sustained |
| 25317-2005 | Conduct And Behavior | 07/11/2005 | Carmella M. Irving-Jenkins | E | NARCOTICS | Sustained |
| 38651-2011 | Conduct And Behavior | 02/25/2011 | Donald R. Jeanlewis | I | NARCOTICS | Sustained |

**TOTAL: 10**

## Defendant Goines' Fabricated Evidence Against Plaintiff Mallett

14.     At all times relevant to this lawsuit, Defendant Gerald Goines (hereinafter referred to as "Defendant Goines") was an employee of the City of Houston, working for the Houston Police Department, and who was following the City's policies, practices, customs, and training.

15.     At all times relevant to this lawsuit, Defendant Troy Gamble (hereinafter referred to as "Defendant Gamble") was an employee of the City of Houston, working for the Houston Police Department, and who was following the City's policies, practices, customs, and training.

16.     The following is a screenshot from Defendant Goines' fictitious and misleading narrative regarding Plaintiff's arrest lacking probable cause.

```
====================================================================
Incident no: 062884708 T  CURRENT INFORMATION REPORT          PAGE 2.004
====================================================================
OF TWO MALE SUSPECTS AND SEIZED ADDITIONAL CRACK COCAINE AND CURRENCY.

OFFICER G. GOINES #82651 WAS THE UNDERCOVER OFFICER IN THIS INVESTIGATION.
THE SURVEILLANCE OFFICERS WERE R. JORDAN #107848 AND SGT. GAMBLE #99933.
OFFICER GOINES WAS IN A UNMARKED VEHICLE.


                      [  SCENE    SUMMARY  ]


THE SCENE LOCATION TOOK PLACE AT 1121 DANUBE.  THE LOCATION IS LOCATED
IN HOUSTON, HARRIS COUNTY TEXAS.  THE STREET (DANUBE) RUNS IN A
NORTH AND SOUTH DIRECTION.  THE INTERSECTING STREETS ARE REDBUD AND
MAYFLOWER.  THE INCIDENT TOOK PLACE ON THE EAST SIDE OF THE STREET.

THE WEATHER WAS CLEAR AND WARM.  THE LIGHT CONDITION WAS DUSK.


                    [  DETAILS   OF   OFFENSE  ]


ON 04/29/2008, OFFICER GOINES WAS IN A UNMARKED VEHICLE AND IN A
UNDERCOVER CAPACITY.  OFFICER GOINES DROVE TO THE 1100 BLOCK OF DANUBE.
OFFICER GOINES MET UP WITH A MALE ON A BIKE (IDENTIFIED AS STEVEN MALLET).
OFFICER GOINES WAS MAKING A NARCOTIC PURCHASE OF A "WHOLESALE OF CRACK
COCAINE".  OFFICER GOINES GAVE THE MALE SUSPECT (STEVEN MALLET)
TWO HUNDRED DOLLARS IN CASH (9-$20 BILLS AND 2-$10 BILLS).
THE MALE SUSPECT (STEVEN MALLET) RODE BEHIND THE UNMARKED VEHICLE AND OVER TO A
BLACK IN COLOR VEHICLE (TRUCK-LICENSE #092DF5).  THE TRUCK WAS PARKED IN THE
DRIVE WAY OF "1121 DANUBE".

A MALE WHICH WAS STANDING IN FRONT OF THE RESIDENCE OF "1121 DANUBE" WALKED OVER
TO THE BLACK IN COLOR CHEVY TRUCK (DRIVER'S SIDE).  THE MALE (LATER ID
AS OTIS MALLET) PULLED OUT A BLUE IN COLOR CAN FROM INSIDE THE
TRUCK.  THE MALE (OTIS MALLET) THEN GAVE THE OTHER MALE (STEVEN MALLET)
A SUBSTANCE FROM THE CAN.  SUSPECT STEVEN MALLET GAVE THE CURRENCY TO SUSPECT
OTIS MALLET.  SUSPECT STEVEN MALLET RODE BACK TOWARDS THE UNMARKED VEHICLE WHICH
WAS PARKED APPROXIMATELY FORTY FEET AWAY.  OFFICER GOINES RECEIVED A PORTION OF
A COOKIE SHAPE ITEM FROM SUSPECT STEVEN MALLET.  THE SUBSTANCE WAS BELIEVED TO
BE CRACK COCAINE.  OFFICER GOINES DROVE AWAY WHILE INFORMING THE ARRESTING
OFFICERS TO MAKE THE ARREST OF BOTH MALE SUSPECTS.

A PHYSICAL AND CLOTHING DESCRIPTION WAS GIVEN ALONG WITH THE
MALE SUSPECTS'S LOCATION)  THE ARRESTING OFFICERS ARRIVED AND MADE THE ARREST OF
THE MALE SUSPECT (STEVEN MALLET) WHILE RIDING NORTH BOUND IN THE STREET.
OFFICERS OBSERVED THE SECOND MALE (OTIS MALLET) OBSERVED THIS ACTION BEING
CONDUCTED AND WALK OVER TO THE BLACK IN COLOR CHEVY TRUCK, LICENSE #09ZDF5 AND
TAKE THE BLUE IN COLOR CAN FROM THE VEHICLE.
```

17.    Defendant Goines' offense report, with incident number 062884708, presents the following narrative:

- In April of 2008, Defendant Goines, while working undercover, arranged in advance a meeting to purchase crack cocaine from Plaintiff Mallett's brother.

- Defendant Gamble was a surveillance officer present at the scene of the arrest.

- On April 29, 2008, Defendant Goines arrived in an unmarked vehicle and was allegedly approached by Plaintiff's brother on a bicycle.

- Defendant Goines requested a "quarter" and gave Plaintiff's brother $200, who then rode over to a truck in the driveway where Plaintiff was standing.

- Defendant Goines' offense report then asserts he personally saw Plaintiff Mallett take a blue can out of the truck, take an object out of the can and give it to his brother, and then Plaintiff's brother gave Defendant Goines money.

- Plaintiff's brother then returned to Defendant Goines' vehicle and gave him the object which Plaintiff had handed him, allegedly crack cocaine.

- Subsequently, Defendant Goines paid Plaintiff's brother $200 dollars in "police money" but there was no attempt to retrieve this money.

- Defendant Goines' offense report also states $1668.00 in cash was seized, and it provides the disposition of $200 in "buy money" as "Lost."

- Defendant Goines' offense report further states that Defendant Goines drove away and notified backup officers to arrest Plaintiff and his brother,

and that officers did arrest them and retrieved a blue can containing crack cocaine from behind a house located next door.

- Defendant Goines gave arresting officers the clothing and physical description of Plaintiff Mallett along with the physical location of the alleged drug transaction.

- Defendants Goines indicated that he personally saw Plaintiff Mallett, upon seeing his brother arrested, take the can from the truck and move it.

18.     Defendant Goines was the only witness who claims to have seen the alleged drug transaction take place, thus without his statements, there would have been no evidence that Plaintiff possessed or sold drugs on the day in question.

19.     On January 18, 2011, as a result of Defendant Goines' fabrication of evidence, Plaintiff Mallett was found guilty of possession with intent to deliver more than four grams but less than 200 grams of cocaine, and with delivery of more than one gram but less than four grams of cocaine, both incidents arising out of a single transaction.

20.     Plaintiff Mallett was sentenced to eight years imprisonment in the Texas Department of Corrections.

### Defendant Gamble Failed to Supervise Defendant Goines

21.     However, Defendant Goines' sworn expense report for April 2008 showed that Defendant Goines did not use $200 to purchase narcotics – in fact he made no expenditures that month.

22.     He then withdrew and then returned $1000 for the month of April.

23.     This expense report was signed off by Defendant Gamble, a Narcotics Sergeant of the Houston Police Department on May 9, 2008 who was responsible for supervision of Defendant Goines.

24.     As Defendant Gamble was present as a surveillance officer for Plaintiff's arrest in April of 2008, Defendant Gamble was aware that either (a) Defendant Goines was not accounting for drug buy money associated with Plaintiff's arrest, or (2) the fact that Defendant Goines' was not accounting for the drug buy money meant that Defendant Goines did not actually use any drug buy money in connection with Plaintiff's arrest.

25.     Had Defendant Gamble been properly supervising Defendant Goines, this red flag would have caused the investigation into Plaintiff to be more thoroughly reviewed, the fact that a drug buy did not occur would have be discovered, and the malicious prosecution against Plaintiff would have been terminated prior to his wrongful conviction.

26.     Furthermore, had Defendant Gamble been properly supervising Defendant Goines on the day of the unlawful arrest when Defendant Gamble was acting as a surveillance officer, he would have seen that Defendant Goines did not in fact participate in a drug transaction with Plaintiff, which would have prevented Plaintiff from being falsely arrested, prosecuted, and convicted.

27.     Thus, Defendant Gamble's failure to supervise Defendant Goines directly caused Plaintiff's constitutional violations from being falsely arrested and maliciously prosecuted under the Fourth Amendment to the United States Constitution.



STATE OF TEXAS

COUNTY OF HARRIS

Before me, the undersigned authority, this day personally appeared
Police Officer G.M. Goines ,who after being duly sworn did depose and say:

**EXPENSE ACCOUNT FOR THE MONTH OF APRIL, 2008**

SECTION A:

| | | |
|---|---|---|
| 4/19/2008 | Draw | $1,000.00 |
| | Draw for the month of April 2008 (Pharmaceutical Unit) | |
| | TOTAL AMOUNT DRAWN FOR THE MONTH OF APRIL, 2008 | $1,000.00 |

SECTION C:

| | |
|---|---|
| Total amount drawn for the month of April, 2008 : | $1,000.00 |
| Total amount spent for the month of April, 2008 : | $0.00 |
| Total amount returned for the month of April, 2008 : | $1,000.00 |
| Balance on hand for May 01, 2008 : | $0.00 |

G.M. Goines

Subscribed and sworn to before me this ___ day of May, 2008, A.D.

Notary Public in and for Harris County, Texas

MARTIN SKEEN
Notary Public, State of Texas
My Commission Expires
JUNE 22, 2008

Reviewed by Sergeant:

J.J. Gamble

Reviewed by Lieutenant:

Date Letter Produced:   5 7 2008   10:09:43 AM

**DEFENDANT'S EXHIBIT A**

Page 1 of 1

28.     Defendant Goines' sworn expense report for May 2008 showed that on May 20, 2008, he paid a confidential information $200 in connection with Plaintiff's arrest.



04/09/2013   12:43        7132238412        LAWOFFICE                        PAGE   09/22

5/16 2008   TARP - Paid Informant for Information Assistance on an Investigation
POSSESSION WITH INTENT (SEARCH WARRANT)                                         $500.00
290 Grams of Cocaine
Location: 8325 CANNON
C/e ███          INC# 73115108
                 CT# ████████
5 20 2008   TARP - Paid Informant for Information Assistance on an Investigation
DELIVERY  POSSESSION WITH INTENT                                                $200.00
11.3 Grams of Crack
Location: 1121 DANUBE
C/e ███          INC# 62984708
                 CT# ████████
5 26 2008   TARP - Paid Informant for Information Assistance on an Investigation
POSSESSION OF A CONTROLLED SUBSTANCE                                            $600.00
60 Tabs of Ecstasy
Location: 4042 ALVIN
C/e ███████       INC# 63409008
                  CT# ████████
TOTAL AMOUNT SPENT FOR THE MONTH OF MAY, 2008

                                                                               $1,775.00

SECTION C:

Total amount drawn for the month of May, 2008                                  $2,000.00
Total amount spent for the month of May, 2008                                  $1,775.00
Total amount returned for the month of May, 2008                               $225.00
Balance on hand for June 01, 2008                                              $0.00


                                          _G_ERAL_D  GOINES_
                                              G M Goines

Subscribed and sworn to before me this ⟍ ⟍ day of June, 2008, A.D.

Notary Public in and for Harris County, Texas

Reviewed by Sergeant:

Reviewed by Lieutenant:

29.    The documentation of this payment signed by Defendant Goines and
Defendant Gamble notes that $1668.00 was seized during Plaintiff Mallet's arrest.



30.   The synopsis explains: "The above informant provided information to officers that narcotics were being stored and sold from the location [of Plaintiff's arrest."] Officers made an investigation at the location and arrested two males for delivery and possession with intent officers recovered 11.3 grams of crack cocaine and seized a total of $1668.00 on cash. The informant was paid two hundred dollars for the assistance and information. Officer filed three charges under this incident."

31.     Defendant Goines signed this synopsis on June 2, 2008, and a supervising Lieutenant in the Narcotics Division signed on June 17, 2008.

32.     Upon information and belief, and based off the signatures seen above, each of the above signed documents were signed by the same supervising Lieutenant in the Narcotics Division, a fact which further supports the custom and practice of failing to supervise Narcotics Officers in the Houston Police Department which lead to constitutional violations such as those in Plaintiff's case.

33.     According to interrogatories answered by the Houston Police Department, no policies, documents, or general orders of the Houston Police Department permit the non-accounting of narcotics investigation money. Further all policies require officers to account for narcotics money.

> Date 03/02/07, Revised 12/01/2009).
>
> 5. **NUMBER FIVE:** Identify any and all documents in HPD's possession related to policies or general orders which permit the non-accounting of narcotics investigation monies.
>
> **ANSWER:** After a thorough and diligent search, HPD has identified no documents, policies or general orders which permit the non-accounting of narcotics investigation monies.

34.     Each month, officers must sign sworn affidavits which show the total amount drawn, spent, and returned for the month.

35.     During an interview with the *Houston Chronicle*, Defendant Gamble stated, "all expenditures should add up." If you spend money – any money should be documented."

> Reached by phone, Gamble said he didn't remember Mallet's arrest, but said he reviewed any expenses on any case he was involved with – and a situation where expense reports didn't line up with details in an arrest report would concern him.
>
> "All the expenditures should add up," he said. "If you spend money – any money spent should be documented."

36.     Had a drug transaction taken place, there would have been documentation of the money spent as required by Houston Police Department policy a fact that both Defendant Goines, Defendant Gamble, and the supervising Lieutenant were well aware.

37.     Thus, the fact that Defendant Goines did not report any money being spent during the relevant period of April 2008, directly conflicted with Defendant Goines' assertion in his offense report that he spent $200 in a drug transaction allegedly involving Plaintiff on April 29, 2008.

38.     The fact that Defendant Gamble, who was present as a surveillance officer during Plaintiff's arrest, signed off on Defendant Goines' expense reports knowing that they were false shows a complete lack of supervision and oversight which was running rampant through the Narcotics Division.

39.     Defendant Goines falsely reported he engaged in a drug transaction with Plaintiff and his brother before their arrest.

40.     Defendant Goines' false narrative actively concealed the existence of a confidential informant and the fact that Defendant Goines' used $200 to pay for information.

41.     Defendant Gamble's failure to supervise Defendant Goines, both during the fabricated drug transaction and then by signing off on obviously incompatible documentation related to the same arrest, caused Plaintiff's Fourth Amendment violations.

42.     Further, the blue can that allegedly contained crack cocaine during the drug transaction involving Plaintiff Mallett and Defendant Goines had no identifiable prints recovered.



**Houston Forensic Science Center**
500 Jefferson Street, 13th Floor
Houston, Texas 77002
(713) 929-6760



Latent Print Section

Laboratory Report #: 0002

**Forensic Case Number:** 062884708

**Case Agency:** Houston Police Department

**Agency Case Number:** 062884708

**Offense:** DCS - Opium,Cocaine,Derivatives,Code (Del)
**Offense Date:** 04/29/2008

**Report Date:** 1/27/2020   11:14:10AM

**Requestor Information:**

Harris County District Attorney's Office
Dewayne W Hartman
1201 Franklin St.
Houston, TX 77002

**Related Individual(s):**

No Individuals Related

**Related Item(s) of Evidence:**

| Lab Item # | Agency Item # | Description |
|---|---|---|
| 001 | 1 | One metal container |
| 001-01 | | One metal lid |
| 001-01-01 | | One piece of tape from lid |
| 001-01-02 | | One piece of tape from lid |
| 001-02 | | One piece of tape from container |
| 001-03 | | One piece of tape from container |

**Results and Interpretations**

Item(s) 001, 001-01, 001-01-01, 001-01-02, 001-02, 001-03 were physically and chemically processed for the development of latent prints.

No possible suitable latents were found and/or developed on item(s) 001, 001-01, 001-01-01, 001-01-02, 001-02, 001-03.

**Disposition**

All items will be returned to the submitting agency upon completion of examination.

43.     There was no credible evidence linking Plaintiff to the possession or transfer of crack cocaine without the statements of Defendant Goines.

44.     On August 14, 2020, in consideration of this evidence, the Court of Criminal Appeals granted actual innocence relief. The Court of Appeals found "no credible evidence existed that inculpated defendant [Plaintiff Mallett] and the defendant [was] actually innocent of the crime for which the defendant was sentenced."

45.    At all times during Mallet's arrest and Defendant Goines' fabrication of evidence, Defendant Goines was acting under the color of law.

**CAUSE NO. 124813201010**

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 178TH DISTRICT COURT** |
| | § | |
| **VS.** | § | **OF** |
| | § | |
| **MALLET, OTIS JR.** | § | **HARRIS COUNTY, TEXAS** |

OFFENSE: MAN/DEL CS PG I 4-200 GRAMS

**MOTION TO DISMISS**

The State respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason(s):

☐ Case refiled as Cause No. .
☐ Defendant was convicted in another case: Cause No. .
☐ Missing witness.
☐ Request of complaining witness.
☐ Dispositive motion granted.
☐ Probable cause exists, but case cannot be proven beyond a reasonable doubt at this time.
☐ In custody elsewhere – will not be extradited to Harris County.
☐ Due to passage of time, defendant not likely to be located or, if arrested, successfully prosecuted.
☐ No probable cause exists at this time to believe the defendant committed the offense.
☒ Other (explanation required)

EXPLANATION: Trial court recommended actual innocence relief.  The Court of Criminal Appeals granted actual innocence relief.  See 2020 WL 3582438. No credible evidence exists that inculpates the defendant and the defendant is actually innocent of the crime for which the defendant was sentenced.

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

Respectfully submitted,

OGG, KIM
Assistant District Attorney
Harris County District Attorney's Office
TBC No. 15230200
OGG_KIM@DAO.HCTX.NET

**ORDER AND NOTICE**

The foregoing motion having been presented to me on this the August 14, 2020, and the same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

NOTICE:    Pursuant to Article 38.50(d) of the Code of Criminal Procedure, the Court is notifying you that any toxicological evidence collected in your case pursuant to an investigation or prosecution of an offense under Chapter 49 of the Penal Code does not have to be retained or preserved and may be destroyed pursuant to the authority of Article 38.50(c)(3) and (e) if your indictment or information has been dismissed with prejudice.

SIGNED AND ENTERED on August 14, 2020.

Judge Presiding
Harris County 178th District Court
Harris County, Texas

# IV.
## CAUSES OF ACTION

### Count One

### Due Process Violation for Fabrication of Evidence
### Violation of the Fourteenth Amendment Pursuant to 42 U.S.C. § 1983
### Against Defendant Goines

46.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

47.     The Fourteenth Amendment provides in pertinent part, "No State shall … deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend XIV, § 1.

48.     There exists the due process right not to have police deliberately fabricate evidence and use it to frame and bring false charges against a person. *Cole v. Carson*, 802 F.3d 752, 771 (5th Cir. 2015), cert. granted, judgment vacated sub nom. *Hunter v. Cole*, 137 S. Ct. 497, 196 L. Ed. 2d 397 (2016), and opinion reinstated in part, 905 F.3d 334 (5th Cir. 2018).

49.     Executive action must shock the conscience in order to violate substantive due process. We have said that:

> "Conduct sufficient to shock the conscience for substantive due process purposes has been described in several different ways. It has been described as conduct that 'violates the decencies of civilized conduct'; conduct that is 'so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency'; conduct that 'interferes with rights implicit in the concept of ordered liberty'; and conduct that 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."

*Id.* (quoting, *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 867 (5th Cir. 2012)).

50.     Deliberate framing of a person by the state offends the most strongly held values of our nation. *Id.*

51.     If any concept is fundamental to our American system of justice, it is that those charged with upholding the law are prohibited from deliberately fabricating evidence and framing individuals for crimes they did not commit. *Cole*, 802 F.3d at 772; quoting *Limone v. Condon*, 372 F.3d 39, 44–45 (1st Cir. 2004) (see, e.g., *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir.2001) (en banc)). Actions taken in contravention of this prohibition necessarily violate due process (indeed, we are unsure what due process entails if not protection against deliberate framing under color of official sanction). *Limone*, 372 F.3d at 45.

52.     Being framed and falsely charged brings inevitable damage to the person's reputation, requires the person framed to mount a defense, and places him in the power of a court of law, where he may be required to appear. *Cole*, 802 F.3d at 772.

53.     Though these wrongs may be addressed through a Fourth Amendment challenge in many cases, they do not disappear where there is no violation of that amendment. *Id*. Instead, where there is no more specific constitutional protection available, the Fourteenth Amendment may offer protection. *Id*. It does so here, where the conduct is undoubtedly shocking to the conscience and no conceivable state interest justifies the deprivations imposed. *Id*.

54.     Where police intentionally fabricate evidence and successfully get someone falsely charged with a crime, and the Fourth Amendment is unavailing, there may be a due process violation.

55.     In 2008, no "reasonable law enforcement officer would have thought it permissible to frame somebody for a crime he or she did not commit." *Cole*, 802 F.3d at 772–73; quoting, *Limone*, 372 F.3d at 50.

56.     "To hold that police officers, having lawfully arrested a suspect, are then free to fabricate false [evidence] at will, would make a mockery of the notion that Americans enjoy the protection of due process of the law and fundamental justice." *Id.*

57.     "[T]he wrongfulness of charging someone on the basis of deliberately fabricated evidence is sufficiently obvious," that a reasonable officer in Defendant Goines' position would have known their conduct violated the Constitution. "[N]o reasonably competent police officer could believe otherwise." *Id.* at 774; quoting, *Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 130 (2nd Cir. 1997).

58.     Defendant Goines was aware he falsely reported engaging in a drug transaction with Plaintiff Mallett.

59.     Defendant Goines was aware he actively concealed the existence of a confidential informant and the fact that he used $200 to pay the informant in connection with Plaintiff arrest.

60.     This is evidenced by Defendant Goines' sworn monthly expense reports that affirmatively shows that he did not use $200 of police money in April 2008 to purchase narcotics, and Defendant Goines' sworn police report for May 2008 that affirmatively shows he paid an informant $200 in connection with Plaintiff's arrest.

61.     Neither of these facts were included in Defendant's Goines' police report.

62.     Defendant Goines was aware that Narcotics Officers, or any Houston Police Department Officers who use department funds during the course of an investigation are required to account for any money which is released to them as each month these officers sign sworn reports which show the total amount drawn, spent, and returned for the month.

63.     On January 18, 2011, as a result of Defendant Goines' fabrication of evidence, Plaintiff was convicted of possession with intent to deliver a controlled substance and delivery of a controlled substance and sentenced to eight years' imprisonment in the Texas Department of Corrections.

64.     This means that Plaintiff was imprisoned for a crime he did not commit because of the fabricated evidence by Defendant Goines.

65.     Plaintiff was forced to hire a criminal defense attorney to fight the meritless charges he faced which were based on the fabricated evidence of Defendant Goines.

66.     Plaintiff was then forced to engage an attorney to petition for his actual innocence.

67.     On August 14, 2020, the charges against Plaintiff were dismissed after the Court of Criminal Appeals granted actual innocence relief. The reason stated in the dismissal was that "no credible evidence exists that inculpates the defendant, and the defendant is actually innocent of the crime for which the defendant was sentenced."

68.     Defendant Goines was at all times acting under the color of law.

## Count Two

### Malicious Prosecution
### Violation of the Fourth Amendment Pursuant to 42 U.S.C. § 1983
### Against Defendant Goines

69.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

70.     Defendant Goines caused Plaintiff to be improperly subjected to arrest and state criminal prosecution for which there was no legitimate probable cause in violation of his Fourth Amendment right to be free from unreasonable seizures.

71.     Judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were ultimately terminated in Plaintiff's favor when the criminal case was dismissed.

72.     Defendant Goines accused Plaintiff of criminal activities – namely intent to deliver and delivery of between four and two hundred grams of a controlled substance knowing those accusations to be without genuine probable cause and without support in the law and made statements to judges and prosecutors with the intent of exerting influence to institute and continue the judicial proceedings. Such conduct violated Plaintiff's constitutional protections provided by the Fourth and Fourteenth Amendments to the United States Constitution.

73.     Statements Defendant Goines made regarding Plaintiff's alleged culpability – including but not limited to when Defendant Goines claimed that he exchanged "police money" for crack cocaine were made with the knowledge that said statements were false.

74.     Defendant Goines withheld the facts of his manipulation from Plaintiff.

75.     The only person who allegedly saw Plaintiff commit an offense was Defendant Goines.

76.     Given post-conviction evidentiary developments, the Court of Criminal Appeals found statements from Defendant Goines not to be credible.

77.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

78.     As a result of this misconduct, Plaintiff sustained a deprivation of liberty when his detention was prolonged and he was arrested then held in custody, which was a violation of his Fourth Amendment right to be free from unreasonable seizure and

unfounded arrest. This constitutional violation resulted in injuries, including, financial harm and emotional pain and suffering.

### Count Three

### Failure to Supervise
### Violation of the Fourteenth Amendment Pursuant to 42 U.S.C. § 1983
### Against Defendant Gamble

79.     Plaintiff repeats and re-alleges each and every allegation.

80.     In a § 1983 claim for failure to supervise or train, the plaintiff must show that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir.1998).

81.     "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. (quoting *Smith*, 158 F.3d at 912.).

82.     An official's actual knowledge of a substantial risk may only be inferred if the "substantial risk" was obvious. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

83.     The requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence. *Farmer v. Brennan*, 511 U.S. 825, 842, 114 S. Ct. 1970, 1981, 128 L. Ed. 2d 811 (1994).

84.     Defendant Gamble's failure to supervise Defendant Goines caused a violation of Plaintiff's constitutional rights under the Fourteenth and Fourth Amendments.

85.     As Defendant Gamble was present as a surveillance officer for Plaintiff's arrest in April of 2008, Defendant Gamble was aware that either (a) Defendant Goines was not accounting for drug buy money associated with Plaintiff's arrest, or (2) the fact that Defendant Goines' was not accounting for the drug buy money meant that Defendant Goines did not actually use any drug buy money in connection with Plaintiff's arrest.

86.     Had Defendant Gamble been properly supervising Defendant Goines, this red flag would have caused the investigation into Plaintiff to be more thoroughly reviewed, the fact that a drug buy did not occur would have be discovered, and the malicious prosecution against Plaintiff would have been terminated prior to his wrongful conviction.

87.     Furthermore, had Defendant Gamble been properly supervising Defendant Goines on the day of the unlawful arrest when Defendant Gamble was acting as a surveillance officer, he would have seen that Defendant Goines did not in fact participate in a drug transaction with Plaintiff, which would have prevented Plaintiff from being falsely arrested, prosecuted, and convicted.

88.     Thus, Defendant Gamble's failure to supervise Defendant Goines directly caused Plaintiff's constitutional violations from being falsely arrested and maliciously prosecuted under the Fourth Amendment to the United States Constitution.

89.     Defendant Gamble was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed as Defendant Gamble was present as a surveillance officer for Plaintiff's arrest in April of 2008 and also signed off on Defendant Goines' expense reports, which means that, Defendant Gamble was aware that either (a) Defendant Goines was not accounting for drug buy money associated with Plaintiff's arrest, or (2) the fact that Defendant Goines' was not accounting for the drug

buy money meant that Defendant Goines did not actually use any drug buy money in connection with Plaintiff's arrest

90.     Defendant Gamble's actual knowledge of the substantial risk that Defendant Goines did not use buy money in a drug transaction with Plaintiff and that alleged drug transaction did not occur meaning that Plaintiff was falsely arrested, may be inferred because the "substantial risk" was obvious.

91.     During an interview with the *Houston Chronicle*, Defendant Gamble stated, "all expenditures should add up." If you spend money – any money should be documented."

> Reached by phone, Gamble said he didn't remember Mallet's arrest, but said he reviewed any expenses on any case he was involved with – and a situation where expense reports didn't line up with details in an arrest report would concern him.
>
> "All the expenditures should add up," he said. "If you spend money – any money spent should be documented."

92.     Had a drug transaction taken place, there would have been documentation of the money spent as required by Houston Police Department policy a fact that both Defendant Gamble was admittedly well aware.

93.     Specifically, Defendant Gamble signed off on Defendant Goines' confidential informant payment expense report from April—a report that showed Goines had not made any payments that month even though Plaintiff's arrest report shows Defendant Goines said he paid Plaintiff $200 for a quarter of crack cocaine.

94.     Defendant Gamble signed off on Defendant Goines' May expense report form, which showed Defendant Goines paid a confidential informant $200 for

information related to the case—even though Defendant Goines never mentioned using an informant in any other case documents.



95.    As a result of this misconduct, Plaintiff sustained injuries including financial harm and emotional pain and suffering.

96.    Defendant Gamble was at all times acting under the color of law.

**Count Four**

**Bystander Liability**
**Violation of the Fourth Amendment Pursuant to 42 U.S.C. § 1983**
**Against Defendant Goines**

97.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

98.     In *Whitley v. Hanna*, 726 F.3d 631 (5th Cir. 2013), the Fifth Circuit stated that "an officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Hamilton v. Kindred*, 845 F.3d 659, 663 (5th Cir. 2017).

99.     Defendant Goines, acting under color of law, was aware that the officers he called to have Plaintiff arrested were going to be violating Plaintiff's constitutional right to be free from arrest absent probable cause since Defendant Goines fabricated the probable cause and knew that none existed.

100.    Defendant Goines had a reasonable opportunity to prevent the harm of unlawful arrest absent probable cause by telling the officers not to arrest Plaintiff since there was no probable cause to do so.

101.    Defendant Goines chose not to act by withholding from the officers that there was no probable cause to arrest Plaintiff thereby allowing the officers to arrest Plaintiff without probable cause in violation of Plaintiff's rights under the Fourth Amendment rights to the United States Constitution.

102.    As a result, Plaintiff suffered emotional distress and a loss of liberty when he was falsely arrested and held in custody.

**V.**
**PUNITIVE DAMAGES**

103.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

104.    When viewed objectively from the standpoint of the Defendants, at the time of the occurrence, said Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

105.    As a direct, proximate, and producing cause and the intentional, egregious, malicious conduct by Defendants, Plaintiff is entitled to recover exemplary damages in an amount within the jurisdictional limits of this Court.

**VI.**
**DAMAGES**

106.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

107.    Plaintiff's injuries were foreseeable and directly and proximately caused by Defendant Goines' fabrication of evidence and failure to intervene, and Defendant Gambles' failure to supervise. Plaintiff is entitled to recover all damages allowed by law.

108.    Plaintiff contends the Defendants' conduct constitutes malice, evil intent, or reckless or callous indifference to Plaintiff's constitutionally protected rights. Thus, Plaintiff is entitled to punitive damages.

109.    As a direct and proximate result of the occurrence which made the basis of this lawsuit, Plaintiff was forced to suffer:

      a.   Emotional distress, torment, suffering and mental anguish in the past.

110.    Pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff seeks to recover, and hereby requests punitive damages, reasonable attorney's fees, and costs of court.

## VII.
## <u>ATTORNEY'S FEES</u>

111.     If Plaintiff prevails in this action, by settlement or otherwise, Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. § 1988.

## VIII.
## <u>JURY REQUEST</u>

112.     Plaintiff respectfully requests a jury trial.

## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against Defendants, for an amount in excess of the jurisdictional minimum of this Court. Plaintiff further prays for all other relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully submitted,

*/s/Scott H. Palmer*
SCOTT H. PALMER,
of counsel
Texas Bar No. 00797196
Federal ID No. 1751291

*/s/ James P. Roberts*
JAMES P. ROBERTS,
attorney-in-charge
Texas Bar No. 24105721
Federal ID No. 3244213

SCOTT H. PALMER, P.C.
15455 Dallas Parkway,
Suite 540, LB 32
Dallas, Texas 75001
Tel: (214) 987-4100
Fax: (214) 922-9900
scott@scottpalmerlaw.com
james@scottpalmerlaw.com

ATTORNEYS FOR PLAINTIFF