United States District Court
Southern District of Texas
**ENTERED**
November 22, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OTIS MALLETT, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-21-2644 |
| | § | |
| GERALD GOINES, and TROY GAMBLE | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Otis Mallett, Jr. sued two members of the Houston Police Department's Narcotics Division, Sergeant Troy Gamble and Officer Gerald Goines.[1] Mallett sued under 18 U.S.C. § 1983, alleging violations of his rights under the Fourth and Fourteenth Amendments of the United States Constitution based on his arrest and conviction for possession with intent to deliver a controlled substance and delivery of a controlled substance. The conviction was overturned in the Texas Court of Criminal Appeals based on Mallett's actual innocence.

Sergeant Gamble has moved to dismiss the complaint against him, Mallett responded, and Gamble replied. (Docket Entry Nos. 9, 13–14). Based on the pleadings; the motion, response, and reply; and the applicable law, the court grants the motion to dismiss, without prejudice and with leave to amend. An amended complaint must be filed by December 10, 2021. The reasons for this ruling are explained below.

**I.     Background**

---

[1] Goines is no longer in the Division.

On January 18, 2011, Mallett was found guilty of possession with intent to deliver more than four grams but less than 200 grams of cocaine, and delivery of more than one gram but less than four grams of cocaine. Mallett was sentenced to eight years' imprisonment in the Texas Department of Corrections. (Docket Entry No. 1 at 8). In August 2020, the Texas Court of Criminal Appeals granted Mallett relief based on actual innocence. The Court of Appeals found "no credible evidence existed that inculpated defendant [Plaintiff Mallett] and the defendant [was] actually innocent of the crime for which the defendant was sentenced." (Docket Entry No. 1 at 15). Mallett alleges that Goines's false offense report in April 2008, describing Mallett's involvement in a drug transaction with his brother, was the basis of his wrongful arrest and conviction. Mallett alleges that Sergeant Gamble failed to supervise Goines, which caused Mallett's constitutional violations.

The April 2008 offense report describes Officer Goines meeting with Mallett's brother, giving $200 to Mallett's brother, witnessing Mallett and his brother retrieving a substance from a blue tin can in a car, and then receiving the substance from Mallett's brother. Goines then instructed the arresting officers to arrest Mallett and his brother. (Docket Entry No. 1 at 6). Mallett alleges that Goines was the only officer present for the alleged transaction, so without his statements, Mallett would not have been arrested.

Mallett alleges that Sergeant Gamble signed off on Goines's expense report for April 2008, and that the expense report contradicted Goines's offense report on Mallett's arrest. The April 29, 2008, offense report stated that Goines bought crack cocaine for $200 from Mallett's brother, arrested Mallett, and seized $1,668.00. But the April 2008 expense report showed that Goines withdrew and returned $1,000 from the Police Department during April. Mallett alleges that Sergeant Gamble should have realized that Goines either did not properly account for Department

2

drug-purchase money, or that Goines did not actually use any Department money to buy drugs. (Docket Entry No. 1 at ¶ 21–27).  Mallett alleges that between May 1987 and July 2005, Goines had nine complaints filed against him for improper conduct and violations of police procedure.

Mallett sued Goines under 48 U.S.C. § 1983, alleging violations of his Fourteenth Amendment due process rights based on his fabricating evidence and bringing false charge against him, and for violating his Fourth Amendment right to be free from malicious prosecution.  Mallett sued Gamble under 48 U.S.C. § 1983 for violating his Fourteenth Amendment rights based on his failure to supervise Goines.  Gamble moved to dismiss the claim against him based on insufficient allegations to state a claim under Federal Rule of Civil Procedure 12(b)(6) and qualified immunity.

## II.     The Legal Standard for a Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

### III.  Analysis

#### A.  The Claim for Supervisory Liability

To state a supervisory liability claim under § 1983, the plaintiff must plead facts that plausibly allege that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009). "For an official to act with deliberate indifference,

4

the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quotation and citation omitted). To plead deliberate indifference, a plaintiff must plead facts that "demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir.2003) (internal quotation omitted).

Mallett alleges that Sergeant Gamble was present as a surveillance officer at the scene of Mallett's arrest and signed off on conflicting expense reports that Goines filed. (Docket Entry No. 1 at ¶ 85–86). Mallett argues that these acts made Sergeant Gamble aware of a substantial risk that Goines had not used Police Department money in a drug transaction with Mallett, making Gamble aware of a substantial risk that Mallett was falsely arrested and maliciously prosecuted. Mallett relies on Gamble's statement in the *Houston Chronicle* explaining that, "a situation where expense reports didn't line up with details in an arrest report would concern him," and "all expenditures should add up." (Docket Entry No. 1 at ¶ 91).

Accepting Mallett's sufficiently pleaded allegations as true, the allegations do not support an inference that Sergeant Gamble was subjectively aware of facts that would have led him to infer that there was a substantial risk of violating Mallett's constitutional rights. Mallett alleges that "Defendant Goines was the only witness who claims to have seen the alleged drug transaction take place, thus without his statements, there would have been no evidence that Plaintiff possessed or sold drugs on the day in question." (Docket Entry No. 1 at ¶ 18). Mallett does not allege that Sergeant Gamble saw the acts that led to Mallett's arrest or could have taken any action at the scene of the arrest. By Mallett's own allegations, there are no facts to support that Gamble knew

5

anything at the scene and time of the arrest that would have put him on notice of a risk of constitutional violation, must less made him deliberately indifferent to such a risk.

Nor do Mallett's allegations about the accounting paperwork support an inference that Sergeant Gamble was deliberately indifferent to a risk that Goines was violating Mallett's constitutional rights. The false arrest had already occurred when Sergeant Gamble reviewed the accounting paperwork. There is no plausible causal link alleged between Gamble's knowledge and that constitutional violation. Mallett alleges that Goines paid an informant on May 20, 2008, for information related to Mallett's arrest. The date of the payment does not support an inference that Goines falsely arrested Mallett in April 2008. Even assuming that Sergeant Gamble should have noticed that $200 in drug buy money was missing from the April 2008 expense report when he signed off on the report in May 2008, the failure to do so is alleged as negligence, at most. The alleged notice of the inconsistency at most supports an inference about Goines's non-compliance with expense reporting requirements, but not an inference of Gamble's deliberate indifference to a substantial risk of a constitutional violation.

Mallett has not alleged facts sufficient to show that Sergeant Gamble was aware of a substantial risk that Goines was violating Mallett's constitutional rights or that Sergeant Gamble's supervision caused the violation of Mallett's rights.

### B.     Qualified Immunity

To defeat qualified immunity at the motion to dismiss stage, the plaintiff "must allege, first, that the officials violated her First Amendment rights, and second, that their actions were objectively unreasonable in light of clearly established law." *Villarreal v. City of Laredo, Texas*, No. 20-40359, 2021 WL 5049281, at *3 (5th Cir. Nov. 1, 2021). "The crucial question in this

inquiry is whether 'a reasonable official would understand that what he is doing violates [a constitutional] right.'" *Id.*

Mallett sued Gamble only for supervisory liability. Mallett has not alleged sufficient facts to show that Gamble violated his constitutional rights by failing to supervise Goines. Mallet's allegations are insufficient to defeat qualified immunity at the first prong.

Even if Mallett had adequately stated a claim based on supervisory liability, Mallett has not pleaded facts that could show that Gamble's conduct was objectively unreasonable in light of clearly established law. This second prong of the qualified immunity analysis involves "two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendant[ ] was objectively unreasonable in the light of that then clearly established law." *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 306 (5th Cir. 2020) (quotations and citation omitted). "[A] constitutional violation is clearly established if no reasonable officer could believe the act was lawful." *Darden v. City of Fort Worth, Texas*, 880 F.3d 722, 727 (5th Cir. 2018). "Ordinarily, a plaintiff defeats qualified immunity by citing governing case law finding a violation under factually similar circumstances." *Villarreal*, 2021 WL 5049281, at *3. A plaintiff may also defeat qualified immunity by showing that the Constitutional violation was "patently 'obvious.'" *Id.* at *4.

Mallett argues that his clearly established rights were violated because Goines falsely accused him of criminal activities, which led to his false arrest and malicious prosecution. (Docket Entry No. 13 at 4–5). But "qualified immunity claims should be addressed separately for each individual defendant." *Darden v. City of Fort Worth, Texas*, 880 F.3d 722, 731 (5th Cir. 2018). Mallett's allegations about the arrest apply only to the reasonableness of Goines's belief, not Gamble's. Mallett has not pointed to authority supporting his claim that it was objectively

7

unreasonable for Sergeant Gamble not to take further action preventing the prosecution after he reviewed the expense reports in May 2008. *Harmon v. City of Arlington, Texas*, 16 F.4th 1159 (5th Cir. 2021) (affirming the dismissal of claims based on qualified immunity when "the plaintiffs failed to identify any clearly established law that would place beyond doubt the constitutional question in this case"). The factual allegations against Gamble also do not support that that he committed an obvious constitutional violation in his supervision of Goines. *Villarreal*, 2021 WL 5049281, at *3–*4 (allegations that a journalist was prosecuted for the asking questions of public officials was an "obvious" constitutional infringement sufficient to survive the motion to dismiss stage).

Based on the facts alleged and the authority cited at this stage, Gamble is entitled to qualified immunity.

**IV.   Conclusion**

Gamble's motion to dismiss, (Docket Entry No. 9), is granted without prejudice and with leave to amend.

SIGNED on November 22, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge